## HENRY SIMONDS *v.* STRONG, CHAMBERLAIN & CO.

*Copartners,— their liability.*

A partner, who was known to be a member of the firm, upon retiring from the firm, must publish notice of such retirement, in some newspaper where advertisements are inserted, and published in the place where the business is done, in order to shield himself from liability for the future debts of the firm, to those, even, with whom they had had no previous dealings.

And as to those with whom the firm have had dealings, actual notice is requisite. *Prentiss* v. *Sinclair,* 5 Vt. 149.

ASSUMPSIT on a promissory note for $467, dated at Rutland, on the 15th day of April, A. D. 1850; and made payable in three months from date at the bank of ·Rutland, and subscribed with the partnership name of Strong, Chamberlain & Co.

Upon the trial of this case, the defendants proved that they had entered into a partnership for the purpose of performing work on the Rutland and Burlington Railroad, some time in 1847 ; that James Worrall, who had been actively engaged in the business of said company at Ludlow, in the county of Windsor, on the 3d day of August, 1848, executed and delivered a release to the other members of said company, of the following tenor:—

"Know all men by these presents, that I, James Worrall, of "Ludlow, one of the partners of the firm of Strong, Chamberlain "& Co., in consideration of one dollar, received to my full satis-"faction of Timothy F. Strong, John Bradley, Selah Chamberlain, "Joseph Chamberlain, Stephen C. Walker, and George W. Strong, "hereby release, relinquish, and quit-claim unto Timothy F. Strong, "John Bradley, Selah Chamberlain, Joseph Chamberlain, Stephen "C. Walker, and George W. Strong, all my right and interest as "one of the partners in the firm of Strong, Chamberlain & Co., "in all the contracts and claim of said company for work on the "Rutland and Burlington Railroad, as well for the work done, as "for the work to be done, by said company."

It appeared, that immediately after the execution and delivery of this release by said Worrall, that he ceased to manage the business of said company, and left the State. It also appeared, that the said writ was served only on the said George W. Strong, Tim-

othy F. Strong, and John Bradley, and that the other defendants had no notice of the pendency of the said suit.

It did not appear that the plaintiff had ever had any previous dealings with the defendants, except those counted upon in this action. It was admitted that defendants were partners from some time in 1847, down to the time said Worrall executed his release, on the 3d of August, 1848, under the name and firm of Strong, Chamberlain & Co., and no question was made on the trial as to the liability of all the defendants upon the note, except what arose from the execution of said release by Worrall and his leaving the business, as before stated. The business was continued under the same partnership name. There was no evidence tending to show that defendants, or either of them, had given any notice by publication or otherwise, that Worrall had parted with his interest in the firm, or that the partnership had been dissolved; and it was treated by the defendants as a conceded point that the plaintiff ought to recover the amount due upon the note, provided Worrall continued to be liable as a partner after the 3d of August, 1848.

The county court rendered judgment for the plaintiff to recover the amount of said note against all the defendants. Exceptions by defendants.

*E. L. Ormsby* for defendants.

*Foot & Hodges* for plaintiff.

BY THE COURT. It seems to be perfectly well settled, both in England and this country, that a retiring partner, who was known to be a member of the firm, must publish notice of such retirement, in some newspaper where advertisements are inserted, and published in the place where the business is done, in order to shield himself from liability for the future debts of the firm, to those even with whom they had had no previous dealings. *Godfrey* v. *Turnbull*, 1 Esp. 371. *Weighton* v. *Puller*, 1 Stark. 375. 2 Chitty 121. *Leason* v. *Holt*, 1 Stark. 186. *Lansing* v. *Ten Eyck*, 2 Johns. 300. *Graves* v. *Merry*, 6 Cowen 701. *Bristol* v. *Sprague*, 8 Wend. 423.

And as to those with whom the firm have had dealings, actual notice is requisite. *Prentiss* v. *Sinclair*, 5 Vt. 149.

Judgment affirmed.