## St. Louis, Iron Mountain & Southern Railway Company *v.* Spearman.

Opinion delivered October 16, 1897.

INSTRUCTION—NEGLIGENCE—PROVINCE OF JURY.—In an action for a negligent killing at a railway crossing, the court, after defining negligence, instructed the jury as follows: "You fix the standard. of reasonable, prudent and cautious men, under the circumstances of the case, as you find them, according to your judgment and experience of what that class of men do under these circumstances, and then test the conduct involved, and try it by that standard; and neither the judge who tries the case, nor any other person, can supply you with the criterion of judgment by any opinion he may have on that subject." *Held* ambiguous and misleading. (Page 336.)

SAME—WHEN MISLEADING.—The court instructed the jury that even if "deceased did not exercise as much care in approaching defendant's crossing as an ordinarily prudent man should have done," yet "it was the duty of defendant's servants to keep a lookout on approaching the crossing," and if, "by so doing, defendant could have discovered deceased's perilous position in time to have avoided the injury, and failed to do so, you will find for plaintiff, provided the plaintiff [deceased] was not guilty of contributory negligence." *Held* that the instruction was contradictory and misleading. (Page 337.)

SAME—The court charged the jury in effect that if deceased was killed by defendant's negligence in operating its cars with its gates open at a public crossing, contrary to the city ordinance, and without the statutory signals, plaintiff was entitled to recover, unless deceased, while relying upon the assurances from said acts and omissions, as a prudent man should, failed to exercise ordinary care, which failure contributed directly to his injury; and refused to grant defendant's request for a charge to the effect that if it was not customary to close the gates at the hour the accident occurred, and deceased was familiar with such custom, this fact, and the fact of the gates being open, should be considered together in determining whether deceased was misled to believe that the way was clear. *Held* that defendant's request should have been granted. (Page 338.)

Appeal from Columbia Circuit Court.

CHARLES W. SMITH, Judge.

*Dodge & Johnson* and *J. E. Williams*, for appellants.

It was error for the trial court to instruct the jury that not the law, but their own judgment, must supply the criterion as to what a reasonable man should do under the given circumstances. This is something which the law defines. Patt. Ry. Acc. Law, 174, 175; 85 U. S. 161; 12 Q. B. Div. 70, 73; L. R. 3 App. Cas. 1155; 11 Q. B. Div. 213; 35 S. W. 1070; 4 C. C. A. 350; 16 S. W. 909; 73 Pa. St. 504; 13 Wright (Pa.), 60; 92 Pa. St. 336: 102 Pa. St. 425, 49 A. & E. R. Cas. 334; Beach, Con. Neg. 9; 54 Ark. 431; 56 Ark. 459; 29 N. Y. 324; 9 Fed. 972; 49 N. W. 334; 15 So. 127; 61 Fed. 591; 8 O. C. Ct. 41; 160 Pa. St. 117; 24 S. W. 1090; 73 Hun, 32; 13 So. 944; 97 Mich. 240; 56 N. W. 240; 57 N. W. 661; 29 Atl. 678; 29 N. Y. St. 1008; 58 N. W. 314; 96 Mich. 327; 27 S. W. 827; 60 N. W. 57; 29 S. W. 928; 28 *id.* 520; 27 *id.* 827; 42 N. J. 180; 21 A. & E. R. Cas. 226; 74 Mo. 603; 73 Mo. 163; 10 A. & E. R. Cas. 305; Pierce, Rys. 342, 343; 19 A. & E. R. Cas. 366; *id.* 358; *id.* 342; 23 *id.* 274; *id.* 317; 37 *id.* 516; *id.* 508; 32 *id.* 118; 39 *id.* 612; 55 *id.* 256; 25 Mich. 290; 59 *id.* 257; 77 Me. 85; Shearman & Redfield, Neg. 448; 106 N. Y. 369; 17 Ore. 5; 38 Tex. 873; 38 Minn. 108; 30 *id.* 432; 85 Ia. 678; 96 Mich. 327; 35 N. W. 971; 97 Mich. 240; 126 Pa. St. 559; 23 Fed. 738; 26 *id.* 22; 54 Fed. 301; 61 Fed. 591; 59 N. Y. 651; 75 *id.* 273; 59 *id.* 468; 47 *id.* 400; 40 *id.* 34; 59 *id.* 469; 24 O. St. 670; 40 *id.* 338; 157 Mass. 336; 10 Allen, 532; 158

Mass. 8; 105 Mo. 371; 113 *id.* 1; 105 N. C. 140; 65 Smith, 706; 46 Ill. App. 446; 97 Mich. 240; 90 *id.* 594; 50 Kas. 16; 102 Pa. St. 425; 55 A. & E. R. Cas. 153; 130 Pa. St. 380; 70 Wis. 216; 85 Ia. 678; 57 Fed. 921; 95 U. S. 697; 114 *id.* 615; 26 N. E. 741; 149 Mass. 127; 31 Fed. 531; 103 Fed. 31; 70 Me. 346; 124 Pa. St. 572; 65 N. W. 447; 73 Fed. 79; 75 *id.* 644; 36 At. 400; 26 S. E. 349; 65 N. W. 447; 36 N. Y. S. 83. It was error to instruct the jury that, even if the appellee did not exercise the care of an ordinarily prudent man, yet he could recover if it appeared that appellants could have averted the accident, "unless it further appears that appellee was guilty of contributory negligence." 35 S. W. 216; 34 S. W. 213. It was error to refuse to instruct the jury that if appellee was familiar with the crossing and its unwatched condition, this was a proper circumstance for them to consider. 36 N. Y. S. 98; 76 Fed. 101.

*Cockrill & Cockrill, H. P. Smeade,* and *Kirby & Carter,* for appellee.

The jury are the judges as to the criterion of what a reasonable and prudent man would do under the circumstances. 144 U. S. 408. There is no error in the seventh instruction given for the plaintiff. Evidence of knowledge of plaintiff of the unwatched condition of crossing at time of accident is inadmissible as being evidence of a custom to violate the law. 136 U. S. 408. An instruction to the effect that it should be considered by the jury is based on an isolated fact, and hence misleading, and properly refused by the court. 37 Ark. 333; 52 *id.* 180; 136 U. S. 408; 29 S. W. 79; 144 S. W. 408; 36 S. W. 900; 26 *id.* 509; 30 *id.* 902; 23 *id.* 446; 21 *id.* 589; 113 U. S. 494; 99 *id.* 578; 9 Peters, 292; Thompson, Tr. § 2330; 31 S. W. 89; 1 Mo. App. 346; 19 S. E. 992; 1 Mo. App. 195; 17 So. 336; 50 Ill. App. 228; Appellant was not prejudiced by the refusal of the instruction.

HUGHES, J.   While attempting to cross the railway track of the appellant at a public crossing over the same on College Hill street, in the city of Texarkana, Arkansas, the appellee's intestate, Martin Leverett, driving a milk wagon, was run over and killed by a switch engine of appellant that was running

over said crossing.   The appellee sued for damages, claiming in one count $10,000 for the estate, and in a second count $25,000 for the widow and next of kin.   The complaint charged that the appellant was negligent in not giving signals for the crossing, and that it was negligent in having the gates across the public highway open at the time, contrary to an ordinance of the city of Texarkana requiring the gates to be closed while engines were passing over the crossing.   The answer of the railway company specifically denied each allegation of the complaint, and charged that the plaintiff was guilty of contributory negligence. The jury returned a verdict of $5,000 for the estate, and $12,500 for the widow and next of kin.   The court below caused a remittitur of $1,500 to be entered upon the verdict in favor of the estate, and of $5,000 upon the verdict for the widow and next of kin.   The appellant filed a motion for a new trial, which was overruled, and it appealed to this court.

The evidence tended to show that the gates over the crossing were open at the time the deceased, Martin Leverett, drove on to the railway track, and that the railway employees were neither ringing the bell nor sounding the whistle as the engine approached the crossing, and that an ordinance of the city of Texarkana required that the gates should be closed when an engine was passing the crossing.   Over the objections of defendant, the court gave to the jury the following instructions:

"1.   The court instructs you that negligence on the part of either the railroad company or the deceased might be defined to be the failure to do what reasonable and prudent persons would ordinarily have done under the circumstances of the situation, or the doing what reasonable and prudent persons, under existing circumstances, would not have done; and the question of negligence, or want of ordinary care and prudence, is one for you to decide.   You fix the standard for reasonable, prudent, and cautious men, under the circumstances of the case, as you find them, according to your judgment and experience of what that class of men do under these circumstances, and then test the conduct involved, and try it by that standard; and neither the judge who tries the case, nor any other person, can supply you with the criterion of judgment by any opinion he may have on that subject."

"7.    Even should you find from the testimony that deceased did not exercise as much care in approaching defendant's crossing as an ordinarily prudent man would have done, yet you are instructed that it was the duty of defendant's servants to keep a lookout on approaching the crossing; and if you find that by so doing defendant could have discovered deceased's perilous position in time to have avoided the injury, and failed to do so, you will find for plaintiff, provided the plaintiff was not guilty of contributory negligence."

In the latter clause of the first instruction the court tells the jury: "You fix the standard for reasonable, prudent and cautious men under the circumstances of the case, as you find them, according to your judgment and experience of what that class of men do under these circumstances, and then test the conduct involved, and try it by that standard; and neither the judge who tries the case, nor any other person, can supply you with the criterion of judgment by any opinion he may have on that subject." In the opinion of the court this is obnoxious to criticism. The law fixes the standard for the conduct of reasonable, prudent and cautious men under the cirumstances of a case of this kind, and it is the duty of the court to instruct the jury as to the law, and the duty of the jury to regard the instructions of the court, and take them as the law of the case. Were it otherwise, every jury would be at liberty to fix its own standard of negligence or ordinary care, without regard to the instructions of the court as to what might be diligence or negligence.

If this part of the instruction were correct, under the construction that might be placed upon it, it would be idle for the court to tell the jury that, in approaching a crossing over a railroad track, ordinary prudence requires of a traveler intending to cross the track that he should use his senses, that he should look and listen for the approach of an engine, that a railway track is a constant reminder of danger, etc., which the courts are constantly doing, and which the law requires they shall do in proper cases. As given, it is ambiguous and liable to be misunderstood. We are persuaded that the learned judge who gave did not intend it to have the construction which seems to us the reasonable one to put upon it.

If the court meant that, the facts being proved, and the law having been given by the court, it was the province of the jury to determine the question of negligence or contributory negligence for themselves, this would have been correct. We think this is what the court meant. We are aware that an instruction in the same language was approved by the Supreme Court of the United States, in the connection in which it was given, in the case of the *Grand Trunk Railway Co.* v. *Ives*, 144 U. S. 408. But we think the circumstances of that case were different from the circumstances here. While we do not approve this instruction, we cannot say that we would reverse this case on account of it alone.

The proviso of the seventh instruction is contradictory to the first part of the instruction, and the instruction, as framed, is calculated to confuse and mislead a jury. This seems patent upon the face of the instruction. The court in the first part of the instruction told the jury: "Even if you should find from the testimony that deceased did not exercise as much care in approaching defendant's crossing as an ordinarily prudent man should have done," which must have meant such care as would exempt him from contributory negligence; and yet the jury are told that it was the duty of defendants to keep a lookout on approaching the crossing, and that, if they found that by so doing defendants could have discovered deceased's perilous condition in time to have avoided the injury, and failed to do so, they should find for the plaintiff, *provided the plaintiff was not guilty of contributory negligence.* This is ambiguous and contradictory, and should not have been given. It was the duty of the defendant to exercise care and caution in operating their engine, and equally the duty of the plaintiff to exercise the care that a man of ordinary prudence would have exercised under the circumstances. If the defendant failed to exercise such care, it was guilty of negligence; and if this negligence caused the injury to the plaintiff, the railway company was liable, unless the plaintiff failed to exercise such care as an ordinarily prudent person would have exercised under the circumstances, and such failure co-operated proximately with the negligence of the defendant in producing

the injury—in which case the plaintiff was guilty of contributory negligence, which would bar his right of recovery.

While the principle announced in the ninth instruction asked by the defendant and refused by the court seems to be embodied in the second and seventh given for the defendant by the court, we think the ninth was proper, and should have been given, inasmuch as the court had given the second instruction for the plaintiff, which is as follows:

"2.   Contributory negligence is an affirmative defense, and cannot be presumed, and it is not the duty of the plaintiff to prove his deceased was free from fault in attempting to cross defendant's railway track at a public crossing; and if you believe from the testimony that said deceased was injured and killed by the negligence of the defendant in operating its cars with its gates open, contrary to the ordinance of the city of Texarkana, Ark., and without giving the signals required by law to be given at railway crossings of streets, and with a view of its track obstructed by its cars, then plaintiff is entitled to recover, and you must so find, unless defendant convinces you by preponderance of testimony that deceased, while relying upon the assurances from said acts and omissions as much as a prudent man should, failed to exercise as much care for his safety in crossing as an ordinarily prudent man would have used, and that such failure was an efficient cause of, and contributed directly to, deceased's injury."

The ninth refused is as follows:

"9.   The court instructs the jury that if they find from the testimony that it was not usual nor customary to close the gates nor keep a watchman at the crossing in question during the night or at the hour that this accident occurred, and that plaintiff's intestate, Leverett, had been in the habit for sometime previous of driving over this crossing, and was familiar with the crossing and with the custom in regard to the gates, this fact and the fact of their being open are circumstances that the jury should take into consideration as to whether he was in any sense misled to believe that the way was clear thereby."

Upon the evidence alone, we incline to think we would not reverse the judgment; but for the error in the seventh instruction given the judgment is reversed, and the cause is remanded for a new trial.