ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* BEECHER.

Opinion delivered February 19, 1898.

1. RAILROADS—DUTY IN OPERATING TRAINS.—A railway company, in operating its trains, is not bound to use the highest degree of care, diligence and skill, save as to passengers on its trains or those sustaining such relation to it. (Page 66.)

2. PASSENGER—WHO IS NOT.—One who has left the train and the depot platform, and is on the railroad track *en route* to her home, has ceased to be a passenger. (Page 67.)

3. INSTRUCTION—WHEN PREJUDICIAL.—An erroneous instruction is not cured by another instruction which is correct, if it cannot be said which influenced the jury. (Page 68.)

Appeal from Lawrence Circuit Court, Eastern District.

RICHARD A. POWELL, Judge.

*Dodge & Johnson*, for appellant.

The only class of persons to whom a railway company owes the exercise of "the highest degree of care, diligence and skill in running and operating its trains" is that of passengers. To all others it is owes only ordinary care, etc. 46 Ark. 555; 48 Ark. 493; 59 Ark. 103; 48 Ark. 493; Sand. & H. Dig., § 6207; 49 Ark. 257; 54 Ark. 431; 11 C. C. A. 554; 34 Ark. 625. The relation of passenger and carrier had

ceased at the time of the accident.    Hence, the court should not
have given an instruction declaratory of a principle applicable
solely to passengers.    Such error is not cured by an instruc-
tion explaining the duration of the relation of carrier and pas-
senger, and limiting the duty of the carrier to the exercise of
reasonable precaution.    The instructions are contradictory, and
the jury might have been guided by either of them.    Such in-
consistency is error.    61 Ark. 155; 37 Ark. 580; 37 Ark. 593;
41 Ark. 281.    It is error to give instructions on a state of
facts not in evidence.    42 Ark. 3–7; 16 Ark. 651; 23 Ark.
289; 23 Ark. 73; 57 Ark. 289; 60 Ark. 557.    An instruction
which directs the jury to determine whether or not a lookout
was kept by appellant, and that, if not, and plaintiff was killed
by reason of such neglect, defendant is liable, ignores the de-
fense of contributory negligence, and is erroneous.    62 Ark.
238; 62 Ark. 158; 61 Ark. 559; 62 Ark. 168.    It is also
error to declare that "all" persons running a train must keep a
constant lookout.    62 Ark. 185.

*J. M. Moore, J. K. Gibson* and *W. B. Smith*, for appellee.

The relation of carrier and passenger had not terminated
at the time of the accident.    It is the duty of a railway com-
pany to provide and keep free from danger modes of egress
from its grounds and depot; and so long as the passenger is in
a situation such that these duties to him continue, his rights
as a passenger have not ceased.    40 Barb. 550; 26 Ia. 124; 46
Ark. 195, 198; 59 Ark. 129; 129 Mass. 364; 6 Am. & Eng.
R. Cas. 75; 84 N. Y. 241; 26 N. J. Eq. 474; 7 Vroom (N.
J.), 532; 60 Ark. 110.    The objection that the appellee failed
to allege that deceased was a passenger at the time of the
injury should have been made, if at all, on the trial.    44
Ark. 488; 42 Ark. 57.    Even if all relation of carrier and
passenger had ceased, an instruction requiring the highest de-
gree of skill and care in the management of trains is not erro-
neous.    The terms of the statute require a very great degree of
precaution, and ordinary prudence demands a care commensu-
rate with the danger of the circumstances.    Hence it was proper
to say that the defendant was held to the exercise of the
"highest degree of care, skill and diligence which a pru-

dent man would exercise, and which is reasonably consistent with its mode of conveyance and the practicable operation of its road." 36 Ark. 45; 69 Ill. 412; 27 Gratt (Va.) 455; 4 Bissell, 433; 50 Mo. 461; 8 Am. & Eng. R. Cas. 280; 34 N. Y. 622; 67 N. Y. 420; 1 Am. & Eng. R. Cas. 155; 15 Am. & Eng. R. Cas. 374; 52 N.Y. 215; 48 Cal. 420; 70 N. Y. 123; 23 Am. & Eng. R. Cas. 308; 15 Am. & Eng. R. Cas. 376; 58 Ark. 470; 8 Am. & Eng. R. Cas. 445; S. C. 88 N. Y. 13. Even if the first instruction was abstract, it did not affect the decision of the case, and was harmless error. 58 Ark. 471; 62 Ark. 228; 54 Ark 289; 56.Ark. 600; 8 Am. & Eng. R. Cas. 289. The deceased was not guilty of contributory negligence. 54 Ark. 165. Even if it were true that plaintiff's instructions were not strictly correct, defendants were more liberal than they should have been. Hence, defendant was not prejudiced. 46 Ark. 487; 59 Ark. 131; 46 Ark. 206; 8 Am. & Eng. R. Cas. 280.

BUNN, C. J. This is a suit for $15,000 damages to the next of kin for the killing of Rebecca Tackwell, plaintiff's intestate. Verdict and judgment for $1,500, and the defendant railway company appealed.

There is evidence to sustain the allegation that the deceased was killed by the negligent running and operation of defendant's train, and there is also evidence of contributory negligence on the part of the deceased which contributed directly to her death. This being true, and there being no question as to the admissibility of testimony offered in evidence, the case turns on the giving and refusing of instructions.

The first instruction given by the trial court at the instance of the plaintiff reads as follows, to-wit: "You are instructed that the defendant corporation is bound to use, in running and operating its trains on its road, the highest degree of care, diligence and skill which a prudent and cautious man would exercise, and which is reasonably consistent with its mode of conveyance and practical operation of its road." This instruction is not hypothetical in form, but seems to be intended as an assertion of an abstract proposition of law; but, even as an abstract proposition, it is erroneous; for, while it is appli-

cable and proper in the case of a passenger, it cannot be made
to apply to the case of any other than a passenger or one sus-
taining the relation of a passenger to the railway company.
It is in close accord with the direction of this court in the case
of *Ry. Co.* v. *Sweet*, 60 Ark. 557, which was a case involving
the killing of a passenger.

It is not the law that a railway company, in running and
operating its trains, is bound to use the highest degree of care,
diligence and skill, generally; for the railroad company owes
no such duty to all the world, but only to a class of people,
a very limited class in point of numbers,—passengers on its
trains, or those sustaining such relation to it.

One of the principal questions in this case is whether or
not the deceased, at the time of her death, was a passenger of
defendant; and yet the instruction, in effect, was a declaration
by the court to the jury that it made no difference whether she
was a passenger, a traveler, or trespasser at the time, in so far
as the degree of care, skill and diligence to be exercised by the
defendant was concerned; for it made no distinction in favor of
passengers, or against travelers and trespassers, in this regard.

The evidence showed that deceased, who had been a pas-
senger on defendant's passenger train from Corning to Walnut
Ridge depot, had left the train and the depot platform, and was
on the railroad track *en route* to her residence in the town of
Walnut Ridge, when she was run over and killed by the rear
coach of said train, while the same was being moved backwards.
The trial court, holding, in effect, that by this act she had
ceased to be a passenger, gave the following instruction at the
instance of the defendant, to-wit: "7. The relation of pas-
senger to the defendant ceased after Mrs. Tackwell was safely
discharged from the train at the place of her destination, and
after she left the depot platform. If the evidence shows that
the employees on the train that killed Mrs. Tackwell were in
the ordinary discharge of their duties, and exercised reasonable
diligence and precaution, the defendant is not responsible for
unavoidable accident to the deceased, and your verdict will be
for the defendant."

The fact that deceased had left the depot platform, and
was on the railroad track *en route* to her home, is undisputed;

and she had ceased to be a passenger, under the rule which governs in such cases, and under which the instruction was given.

The error of the first instruction is thus made palpable, and, being radically wrong, its defect is not cured by any other instruction given; for, as in all such cases, it cannot be said certainly which of the instructions influenced the jury in making up their verdict.

Reversed and remanded for a new trial.