## RECTOR *v.* ROBINS.

Opinion delivered March 11, 1905.

1. PARTNERSHIP—WHEN LIABILITY ACCRUES.—In an action to hold one liable as member of a firm for its debts, an instruction that defendant would be liable if he had been a member of the firm, and credit had been extended to the firm by plaintiff upon the faith of his being a member, and no notice, actual or constructive, was given of the dissolution of the partnership, correctly stated the law. (Page 440.)

2. INSTRUCTION—CONFLICT.—Conflicting instructions, where the evidence also is conflicting, can only mislead and confuse, and should not be given. (Page 441.)

3. PARTNERSHIP—RECEIPT OF PROFITS AS TEST.—An instruction which precluded the jury from considering the receipt by defendant of profit from a firm in determining whether he was a member of such firm was erroneous. (Page 441.)

4. SAME—PARTNER AND EMPLOYEE DISTINGUISHED.—If it was the intention of the parties to a contract to form a partnership for the benefit of all, to which each contributed in property or services, with the understanding that there should be a community of interest in the profits

in fixed proportion, it would be a partnership; but if one contributed neither property nor services toward the capital of the firm, and was merely employed by the firm to perform certain services, for which he was to receive as compensation a fixed proportion of the profits, having no community of interest in the firm, then he would be an employee for hire, and not a partner. (Page 442.)

5. SAME—INSTRUCTION.—An instruction, in a suit on a note signed by a firm against one alleged to be a member thereof, that if defendant told plaintiff, before the execution of the note sued on, that he was not a member of such firm, he was not liable is erroneous, since, if defendant was a member of the firm at the time the note was executed, it was immaterial that he had previously told plaintiff that he was not a member. (Page 442.)

6. EVIDENCE—SELF-SERVING STATEMENT.—In a suit to render one liable on a note as member of the partnership which signed it, statements by defendant that he was not a member thereof, made after execution of the note and in plaintiff's absence, are inadmissible. (Page 443.)

7. SAME—IMPEACHMENT OF WITNESS.—Proof of what one of the members of a firm said as to who constituted the firm was improper, except to contradict such member as a witness, and for that purpose only when proper foundation had been laid. (Page 443.)

Appeal from Hempstead Circuit Court.

JOEL D. CONWAY, Judge.

Action by J. N. Rector against W. H. Robins. Verdict and judgment were for defendant, and plaintiff appealed.

Reversed.

### STATEMENT BY THE COURT.

This is an action on a promissory note. The complaint alleges that on April 9, 1900, Purdom, Roberson & Company executed their promissory note to the Howard County Bank for $350, due 90 days after date, with interest at 10 per cent. per annum from maturity. That two payments had been made on said note as follows: $82.65 on June 9, 1900, and $7.60 on August 3, 1900, and that there had been no other payments. That the plaintiff signed said note as surety for the makers, and had been compelled by the payee to make good the amount thereof after deducting the said payments. That plaintiff, J. N. Rector, executed said note as such security at the request of said firm of Purdon, Roberson & Company, and that no part of the amount

the plaintiff had to pay to protect the note had been paid by Purdom, Roberson & Company, or any other person. That at the time of the execution of said note the firm of Purdom, Roberson & Company was composed of James Purdom, W. A. Roberson and W. H. Robins. Prayer for judgment against the defendant, W. H. Robins, for the amount paid to protect said note by plaintiff.

The defendant, Robins, filed his answer, denying any knowledge or information of the execution of the note or any payments thereon; alleged that he never executed a note of any kind to the paintiff to the Howard County Bank, as mentioned in the complaint, and that he never authorized any one to execute such a note; that he was not, on the date the note was executed, a member of the firm of Purdom, Roberson & Company, and that he was not a member thereof before or since the date of said note, and that he was not indebted to the plaintiff in any sum whatever. There was a trial, and a verdict for the defendant. A motion for a new trial was filed by the plaintiff, and upon due consideration by the court was overruled, and the exceptions of the plaintiff properly noted of record. Whereupon the plaintiff prayed an appeal to this court, which was granted.

There was evidence tending to show that Robins was a partner of the firm at the time the note was executed. There was evidence tending to show that he had been a member of the firm, but had withdrawn. There was evidence tending to show that no notice of such withdrawal had been given to appellant, actual or otherwise. On the other hand, there was evidence tending to show that Robins was not a member of the firm at the time the note was executed, and had not been a member thereof. Also evidence tending to prove that Robins had notified appellant before the note was executed that he was not a member of the firm of Purdom, Roberson & Company.

*W. C. Rodgers,* for appellant.

The verdict is contrary to the law and the evidence. 59 Ark. 105; 24 Ark. 251; 47 Ark. 497; 62 Ark. 510; 74 S. W. 293; 7 Ark. 542. A partnership, once proved to have existed, continues until notice of the change. 68 Miss. 196. The instructions Nos. 1 and 8 are in conflict (24 Vt. 278; 12 Fed. 658; 114

Ill. 574; 57 N. Y. 571; 6 Johns. 144; 3 Cal. 343; 16 La. Ann. 31), and are erroneous.  54 Ark. 588; 61 Ark. 141; 64 Ark. 332; 65 Ark. 68; 77 S. W. 598; 81 S. W. 598; 109 Ia. 150; 126 N. C. 78; 144 Pa. St. 30.

*D. B. Sain, for* apppellee.

This court will not disturb a verdict where there is evidence to support it.  46 Ark. 142; 51 Ark. 476; 56 Ark. 314; 47 Ark. 196, 469; 49 Ark. 122; 70 Ark. 136, 512.

WOOD, J.,    (after stating the facts.)    We could not disturb the verdict on the evidence, and the questions for decision are purely questions of law.

1.   The first instruction given at the request of the appellee tells the jury that the burden was upon the plaintiff to establish by a preponderance of the evidence that the defendant, W. H. Robins, was a member of the firm of Purdon, Roberson & Company at the time the note sued on was executed; and, unless such fact was established, the jury should find for the defendant.  This was erroneous.  The court had given at the request of the plaintiff the following: "8.    The jury are instructed to find for the plaintiff if they find from the evidence that W. H. Robins was a member of the firm of Purdom, Roberson & Company at the time that firm commenced business, or afterwards before the indebtedness sued on was incurred, and the plaintiff extended the credit for the claim sued on in the faith of his belief that W. H. Robins was such a partner, then and in that event the said W. H. Robins would be liable for the amount of the note sued on and interest, unless he gave actual notice to the plaintiff or gave notice generally by advertisement in some newspaper published in the locality or county of the dissolution of the partnership before said indebtedness was incurred."   It will be observed that the first instruction given at the request of the appellee and the eighth given at the request of the appellant are in direct conflict.  The first makes the liability of defendant depend solely upon the fact of his being a member of the partnership at the time the note sued on was executed.  The eighth tells the jury that the defendant would be liable if he was a member of the firm when it commenced business, or before the indebtedness

sued on accrued if the credit was extended upon the faith of his being a member, and no notice, actual or constructive, had been given of the dissolution of the partnership. The latter instruction covers the testimony on both sides, and substantially states the law. *Simonds* v. *Strong,* 24 Vt. 642; *Amidown* v. *Osgood,* 24 Vt. 278; *Myer* v. *Krohn,* 114 Ill. 574; *Moline Wagon Co.* v. *Rummell,* 12 Fed..658; *Kennedy* v. *Bohannon,* 11 B. Mon. (Ky.) 118, and other authorities cited in appellant's brief.

But even if the eighth instruction was erroneous, it had been given, and the court should not have given one in direct conflict with it. Conflicting instructions furnish no correct guide to juries, and such instructions should never be given. Where the evidence is conflicting, they can have no other effect than to confuse and mislead the jury. *Whitmore* v. *State,* 72 Ark. 14; *Maddox* v. *Reynolds,* 72 Ark. 440; *St. Louis, I. M. & S. Ry. Co.* v. *Spearman,* 64 Ark. 332; *St. Louis, I. M. & S. Ry. Co.* v. *Beecher,* 65 Ark. 64; *St. Louis, I. M. & S. Ry. Co.* v. *Aven,* 61 Ark. 141; *Bolling* v. *State,* 54 Ark. 588.

The second and third instructions * given at the request of appellee were doubtless intended to tell the jury that if appellee was employed by the firm of Purdom, Roberson & Company to perform certain services, and was to receive as compensation for such services one-third of the net profits of the business, and

---

*Instructions Nos. 2 and 3 given at request of appellee were as follows:

"2. You are told that although you may find from the evidence that the defendant, W. H. Robins, comtemplated and agreed to enter into a contract with the firm of Purdom, Roberson & Co., by which the said Robins was to buy and locate timber and perform services for said Purdom, Roberson & Co., and received as compensation therefor 'one-third of the net profits of the said firm's business; but contributed nothing towards the capital of said firm—you are told that that did not constitute him a member of said firm.

"3. You are told that, although you may find from the evidence that the defendant, W. H. Robins, contemplated and agreed to enter into a contract with J. S. Purdom and W. A. Roberson, doing business as a firm of Purdom, Roberson & Co., by which he, said W. H. Robins, was to buy and locate timber and perform other services for said firm, and receive as compensation therefor one-third of the net proceeds of the said firm's business, but contributed nothing to the capital of the firm, still if you find that he afterwards severed all connection with the said firm prior to the execution of the note sued on, and was not a member of the firm of Purdom, Roberson & Co., when the note was executed, you will find for the defendant." (Rep.)

if the jury should further find that Robins did not contribute anything toward the capital· of the firm, then he would not be a member of the firm, but an employee merely. But the instructions were so drawn as to assume that one-third of the profits of the business were received by appellee as wages for his services, and also rather to assume that Robins did not contribute· anything toward the capital of· the firm. As framed, these instructions precluded the jury from considering the receipt of profits by appellee from the firm of Purdom, Roberson & Company in determining the question of whether or not appellee was ·a member of such firm. This was contrary to̦ the rule announced by this court in *Johnson* v. *Rothschilds,* 63 Ark. 518; *Culley* v. *Edwards,* 44 Ark. 423. The sharing of profits is deemed one of the most cogent evidences of partnership. *Pooley* v. *Driver,* 5 Ch. Div. 458.

If it was the intention of the parties, Purdom, Roberson and Robins, to form a partnership for the manufacture and sale of lumber—the "mill business" as one witness called it—for the benefit of all, to which· each contributed in property or services, or to which some contributed property and other services, with the understanding that there should be a community of interest in the profits in fixed. proportion, it would be a partnership. *Meehan* v. *Valentine,* 145 U. S. 611; *Ward* v. *Thompson,* 22 Howard, 330, 332.

But if Robins did not contribute property or services toward the capital of the firm, but was merely employed by the firm to perform certain services, for which he was to receive as compensation one-third of the profits, at the same time having no community of interest in the firm, then he would be an employee for hire, and not a partner. In other words, the court should have so framed the instruction as to leave the jury free to determine from all the evidence whether or not the relation of appellee to the firm of Purdom, Roberson & Company was that of employee merely or partner. It was a question of intention, to be ascertained from all their acts with, and their conduct towards, each other concerning the subject-matter of the alleged partnership. *Johnson* v. *Rothschilds, supra.*

The latter part of the third instruction was also in conflict with number eight given at the instance of appellant, and was subject to the same objection urged against the first, *supra.*

The fourth given a request of appellee was also erroneous. This instruction tells the jury that "if they believe by a preponderance of the evidence that W. H. Robins told J. N. Rector before the execution of the note sued on that he was not a member of the firm of Purdom, Roberson & Company, then in that event they will find for the defendant, W. H. Robins." What Robins told Rector before the execution of the note could not affect the liability of Robins, unless Robins's statement accorded with the fact. The liability of Robins depended upon the fact of the existence or nonexistence of a partnership interest in the firm, and not upon what he said about it, unless his statement was the truth. If the partnership existed, the law fixed the liability, regardless of what he may have told Rector. But if such partnership had once existed, and had been dissolved, then, if Robins told Rector, after such dissolution, and before the note sued on was executed, that he was not a member of the firm, he, Robins, would not be liable. For in that event Rector would have had notice, and would not be held to have extended credit upon the faith of Robin's partnership in the firm. The court doubtless had this idea in view by the fourth instruction *supra.* But the instruction is without limitation as to the time when Robins told Rector, and presents no correct idea of the law applicable to the facts in evidence upon this point.

2. The introduction of notes executed by various individuals as such did not tend in any manner to prove who constituted the firm of Purdom, Roberson & Company. Such evidence did not tend either to establish or disprove a partnership of which appellee was or had been a member, and was therefore wholly irrelevant.

3. The testimony of witness that Robins told them that he had nothing to do with the firm of Purdom, Roberson & Company, such statements being made after the execution of the note, and in the absence of the appellant, Rector, was incompetent and prejudicial. Likewise the testimony of witnesses as to what Purdom, one of the members of the firm, said about who

constituted the partnership was improper, except for the purpose of contradicting Purdom and for such purpose the proper foundation should have been laid.

For the errors indicated, the judgment is reversed, and the cause is remanded for new trial.