### DOYLE *v.* KAVANAUGH.

#### Opinion delivered September 28, 1908.

INSTRUCTION—WHEN PREJUDICIAL.—An erroneous instruction is not cured
by a correct one on the same subject if it cannot be said which
influenced the jury.

Appeal from Pulaski Circuit Court; *Edward W. Winfield,*
Judge; reversed.

#### STATEMENT BY THE COURT.

This is an action of replevin brought before a justice of
the peace in Pulaski County to recover the possession of two
mules and a wagon, claimed by Doyle & Booth, a partnership
consisting of D. M. Doyle and C. F. Booth, under a mortgage
executed by them by J. G. Parmer.

Judgment was rendered in favor of Doyle & Booth in the
justice's court, and Parmer appealed to the circuit court. There
the verdict of the jury was in favor of Parmer. Doyle &
Booth have appealed, alleging certain errors in the instructions of
the court.

The testimony adduced at the trial, so far as material, is
as follows: During the first part of the year 1905, J. G. Parmer
bought a pair of mules and a wagon for $195 from the firm of
Doyle & Booth. He gave his promissory note therefor, due
November 1, 1905, and also gave a mortgage on the mules and
wagon to secure the payment thereof. He also bought his sup-
plies for that year from Doyle & Booth.

The mortgage referred to does not appear in the record,
but both parties without objection testified as to its contents.
Doyle says that the mortgage was given to secure both the
$195 note and the supply account; that the supply account was

secured primarily by the assignment of a note given for the purchase of land by one Brewer to Parmer; that the mortgage was given to secure the $195.00 note, and was also given as additional security for Parmer's account for supplies.

Parmer testified that the Brewer note was assigned as security for the $195 note given for the mules and wagon; that Doyle said to him that he would have to have other security on the mules, as he had the mules on the crop lien. The Brewer note was collected, and the proceeds were applied first to the extinguishment of the debt for supplies, and the balance was credited on the $195 note. Doyle testified that Parmer owed his firm $87.44 at the time of the institution of this suit. Parmer adduced testimony tending to show that the whole debt, both the note and the account, had been paid. Over the objections of the plaintiffs, the court instructed the jury as follows:

"1. If you find an amount due plaintiffs by defendant, you will so state by your verdict, regardless of the sale of wagon and mules."

"2. If you find the Brewer note was given to secure the purchase price of the mules and wagon, and yielded enough to pay for same, you will find for the defendant for the mules and wagon or their value and his damage for detention."

"3. If you find usury charged on any items in the account, you will find same void and disallow them."

"6. You are further instructed that if you find by a preponderance of the testimony that the defendant agreed to give the plaintiffs $195 for the mules and wagon, and executed to the plaintiffs his mortgage on said mules and wagon and his crop raised in White County in 1905 to pay for said mules and wagon and for provisions, tools and implements furnished him by the plaintiffs, and that the said indebtedness has been paid, or that the plaintiffs charged the defendant usurious interest on said indebtedness, in either event you will find for the defendant and award him possession of said mules and wagon, if to be had, and, if not, then their value and such damages as you may find the defendant is entitled for the use of said property up to date, not to exceed an amount of fifty cents per day since the defendant was possessed of said property."

*Buzbee & Hicks,* for appellants.

The court erred in its charge to the jury, especially the second. There is no evidence to support the sixth.

*A. J. Newman,* for appellee.

The rulings of the court are correct, and the instructions, taken together, present the law applicable to the cause. 48 Ark. 407; 61 *Id.* 157.

Hart, J., (after stating the facts). The principal point which appellants urge for the reversal of this case is the giving of the second instruction. The vice of this instruction consists in the fact that it ignores the testimony of appellants to the effect that the supply account was also secured by the mortgage on the mules and wagon. Applying the proceeds of the Brewer note to the payment of the $195.00 note under appellee's theory of the case, there might still be a balance due appellants on the supply account. The second instruction took from the consideration of the jury the question of whether or not the account for supplies had been paid, or was secured by a mortgage on the property in controversy. This error was eliminated from the sixth instruction, which covered the same phase of the case, but the two instructions are irreconcilable and conflicting. No attempt was made to explain the first instruction in the latter. It can not be known whether the jury found for the appellee because it believed that the Brewer note was given to secure the purchase price of the mules and wagon and was sufficient to pay it, as directed by the second instruction; or because it believed that the mortgage was given to secure both the $195 note and the account for supplies, and that the whole indebtedness had been paid.

An erroneous instruction is not cured by another instruction which is correct, if it can not be said which influenced the jury. *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Beecher,* 65 Ark. 64.

For the error in giving the second instruction, the judgment is reversed and the cause remanded for a new trial.